UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>         Plaintiff,<br><br>     v.<br><br>MCM CONSTRUCTION, INC., a California corporation,<br><br>         Defendant. | No.  2:13-cv-00847-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Defendant MCM Construction, Inc.'s ("MCM") Motion for Summary Judgment (Doc. #17).[1] Plaintiff California Sportfishing Protection Alliance ("Plaintiff") opposed the motion (Doc. #23). MCM replied (Doc. #25).

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff brought suit under the enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1251, et seq. (the "Clean Water Act") (Doc. #2). The Complaint seeks

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 7, 2014.

1

relief for MCM's discharges of polluted storm water from its facility located at 6413 32nd Street, North Highlands, California ("the Facility") in violation of its National Pollutant Discharge Elimination System ("NPDES") Permit No. CA S000001, California Regional Water Quality Control Board, Central Valley Region ("Regional Board") Order No. 92-12-DWQ as amended by Order No. 07-03-DWQ (hereinafter "General Permit").

Specifically, Plaintiff brings six claims against MCM based on MCM's failure to comply with the Clean Water Act's requirements.

## II.   OPINION

MCM moves for summary judgment based on its assertion that it is not subject to the Clean Water Act's stormwater requirements.  MSJ at p. 1.  It contends all of Plaintiff's claims rely on the premise that MCM's facility is "associated with industrial activity" within the meaning of the Clean Water Act's implementing regulations.  MCM argues that Plaintiff has not refuted the evidence MCM has provided proving as a matter of law that the Facility is not subject to the provisions of the Clean Water Act, and therefore the Complaint must be dismissed.

In addition to its arguments refuting MCM's contentions, Plaintiff responds that whether or not the Facility is subject to the Clean Water Act requirements is inherently "a fact-based determination for which discovery is warranted."  Opp. at p. 22. Plaintiff therefore requests the Court deny the motion and permit Plaintiff to conduct discovery in order to present facts to justify its opposition to the motion pursuant to Federal Rule of

Civil Procedure 56(d).

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed.R.Civ.P. 56(d).

The Ninth Circuit Court of Appeals has explained that to prevail on such a motion, parties "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Local Rule 260(b) further states that when a need for discovery is asserted as a basis for denial of a motion for summary judgment "the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issue on which discovery is necessary."

The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). However, where a motion for summary judgment has been filed "before a party has had a realistic opportunity to

1  pursue discovery relating to its theory of the case" courts
2  should grant such motions "fairly freely."  Burlington N. Santa
3  Fe R.R. Co. v. Assiniboine & Sioux Tribes, 323 F.3d 767, 773 (9th
4  Cir. 2003).
5      In its Opposition, Plaintiff contends it has not had an
6  opportunity to conduct **any** formal discovery pertaining to the
7  Facility.  Opp. at p. 22.  In the declaration attached to
8  Plaintiff's opposition, Plaintiff's counsel, Douglas Chermak,
9  asserts that Plaintiff served discovery requests upon MCM.
10 Included within these was a request for an inspection of MCM's
11 facility "in order to obtain information about the nature of the
12 industrial activities occurring at the MCM Facility."  Chermak
13 Decl. ¶ 13.  It also asserts that Plaintiff seeks to depose
14 relevant personnel of MCM regarding industrial activities at the
15 Facility.  Id. ¶ 14.  The declaration further states that it
16 believes it is highly likely that these discovery requests will
17 produce evidence controverting MCM's claims and will reveal
18 evidence that certain industrial activities are in fact taking
19 place at the Facility, serving as an essential basis for its
20 opposition to MCM's motion.  Id. ¶ 15-16.
21     Given that Plaintiff has not had an adequate opportunity to
22 conduct discovery in this matter, the Court finds that denying
23 the motion at this time is appropriate.  Plaintiff has provided
24 specific reasons for why it cannot fully present the facts that
25 would justify its opposition to MCM's motion.  In a declaration
26 attached to the motion, Plaintiff has identified specific
27 discovery requests that it believes will provide the evidence
28 necessary to defeat the motion and the reasons explaining why it

4

has been unable to conduct such discovery up to this point. See Campbell, 138 F.3d at 779.

Accordingly, Defendant's motion for summary judgment is denied without prejudice. The Court will therefore defer addressing MCM's motion on its merits until Plaintiff has conducted discovery, the motion is renewed and Plaintiff has the opportunity to present facts it believes are essential to opposing the motion.

## III.  ORDER

For the reasons set forth above, the Court DENIES MCM's Motion for Summary Judgment without prejudice to renewal.

IT IS SO ORDERED.

Dated: June 6, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE